IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL DALE WOLFE, #215433, | ) |
| | ) |
| Petitioner, | ) |
| | ) CIVIL ACTION NO. |
| vs. | ) 2:05-CV-742-D |
| | ) |
| J.C. GILES, et. al., | ) |
| | ) |
| Respondents. | ) |

## RESPONDENTS' ANSWER TO COURT'S
## ORDER TO SHOW CAUSE

Come now Respondents, in the above case, and file their answer in response to this Court's Order to Show Cause dated August 15, 2005. In support of their answer, Respondents present the following answer, supporting memorandum brief, and exhibits.

## PROCEDURAL HISTORY

Petitioner, Paul Dale Wolfe (Wolfe), was initially convicted of two counts of first degree robbery based upon his guilty pleas on April 2, 2004. (Exhibit A) On the same day, Wolfe was sentenced to 20 years in each case to run concurrently. (Exhibit A) Wolfe's convictions were ordered to be served as a split with three years of incarceration. (Exhibit A) The three years imprisonment was

suspended, and he was placed on probation for three years. (Exhibit A) Wolfe was also ordered to pay court costs, $150 attorney fees, and $50 to the Crime Victims Compensation Fund. Wolfe waived his right to take a direct appeal. (Exhibit A) In accordance with the plea agreement, Wolfe did not appeal his convictions and sentences.

Subsequently, on June 8, 2004, a delinquency probation report was filed against Wolfe for failure to report and failure to pay court ordered money. (Exhibit A) On July 8, 2004, a hearing was held on Wolfe's probation violations. (Exhibit A) Wolfe was declared delinquent for failure to pay court ordered monies, and he was also arrested on a new charge of burglary first degree. (Exhibit A) Accordingly, on July 15, 2004, Wolfe's probation was revoked by Circuit Judge Truman Hobbs, and his 20-year sentence was reinstated. (Exhibit A) No appeal was taken from the revocation of Wolfe's probation.

On February 7, 2005, Wolfe filed a state petition for writ of habeas corpus in the Barbour County Circuit Court. The case was assigned to Circuit Judge Michael O. Emfinger. (Exhibit B) On April 21, 2005, the State filed a motion to dismiss or in the alternative to transfer Wolfe's habeas corpus petition to Montgomery County. (Exhibit B) On May 4, 2005, Wolfe's habeas corpus petition was dismissed by the Barbour County Circuit Court. (Exhibit B) No further review was taken.

## WOLFE'S FEDERAL HABEAS CLAIMS

On August 8, 2005, Wolfe filed a federal writ of habeas corpus petition in this Court. Wolfe alleges:

> GROUND ONE: Guilty plea unlawfully induced/involuntarily made without understanding nature of charge or consequences of plea.
>
> GROUND TWO: Denial of and/or ineffective assistance of counsel.
>
> GROUND THREE: Court was without jurisdiction to render judgment or to impose sentence.
>
> GROUND FOUR: Sentence exceeds maximum authorized by law or is otherwise not authorized by law.
>
> GROUND FIVE: Newly discovered material facts exist which require that the conviction or sentence be vacated by court.

(Wolfe's petition) On August 15, 2005, this Court entered an order requiring Respondents to show cause why Wolfe's federal writ of habeas corpus petition should not be granted.

## ANSWER TO THE PETITION

1. Respondents admit Wolfe is being held in the state penitentiary pursuant to lawful convictions for two counts of first-degree robbery with sentences of 20 years for each robbery conviction to run concurrently. Wolfe's convictions and sentences were entered in the Circuit Court of Montgomery County.

2. Respondents deny that any of Wolfe's rights under the Constitution of the United States or under any federal statute or treaty have been abridged.

3. Respondents deny each and every allegation contained in Wolfe's petition.

4. Wolfe's federal habeas corpus petition is barred by the one-year statute of limitation.

## MEMORANDUM BRIEF IN SUPPORT OF ANSWER[1]

Wolfe's allegations are barred from consideration by this Court because his federal writ of habeas corpus petition was filed in violation of the one-year statute of limitation expressed in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). The one-year statute of limitation of the AEDPA is codified in Title 28 U.S.C. §2244(d), and provides:

> (1) A 1-year period of limitation shall apply to an application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or expiration of time for seeking such review;

---

[1] Respondents will only address the one-year statute of limitation violation presented by Wolfe's federal writ of habeas corpus petition. Respondents do not waive their procedural default claims and reserve the right to raise any procedural default claims should this Court conclude Wolfe's federal habeas corpus petition is not barred by the one-year statute of limitation.

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the application was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection. (emphasis added)

Section 28 U.S.C. §2244(d)(1)(A), requires a federal habeas petitioner to file a petition for writ of habeas corpus within at least one year after his state conviction becomes final.

Here, Wolfe did not appeal his state convictions and sentences. His convictions and sentences became final at the expiration of his 42 days to take a direct appeal, on May 14, 2004. Wolfe had until May 14, 2005, to file his federal writ of habeas corpus petition, one year after his convictions became final. Wolfe's federal habeas corpus petition was filed on August 8, 2005. This was approximately three months after the one-year statute of limitation expired on May 14, 2005. Thus, Wolfe's federal writ of habeas corpus petition was untimely filed.

Wolfe's federal habeas petition, however, could be addressed by this Court, if he is able to take advantage of the tolling provisions. Based upon the facts, however, Wolfe's federal habeas petition violates the one-year statute of limitation and should be denied.

First, Wolfe's convictions and sentences became final after the enactment of the AEDPA. Therefore, "equitable application" is not applicable to Wolfe's case. Under "equitable application" petitioners were allowed a one-year moratorium until April 24, 1997, to file their federal habeas petition, despite the finality date. See Wilcox v. Florida Department of Corrections, 158 F. 3d 1209, 1211 (11th Cir. 1998).

Second, Wolfe also cannot take advantage of the tolling provision in the AEDPA provision codified in Title 28 U.S.C. §2244(d)(2). The tolling provision tolls the one-year statute of limitation, if a state post-conviction petition is "properly filed" within the one-year period following a state direct appeal.

Here, Wolfe has not properly filed a petition pursuant to Rule 32 of the Alabama Rules of Criminal Procedure (ARCrP). Wolfe, however, filed a state habeas corpus petition in the Barbour County Circuit Court, the county of his incarceration. (Exhibit B) This petition was dismissed and not transferred to the Montgomery County Circuit Court as Wolfe contends. (Exhibit A & B) Because Wolfe did not follow established state procedures by filing a Rule 32 petition in the

6

county of conviction (Montgomery County), his state habeas corpus petition had no effect on the one-year statute of limitation. Thus, Wolfe's statute of limitation expired on May 14, 2005. His August 8, 2005, federal habeas corpus petition is, therefore, untimely filed.

Third, Wolfe also cannot take advantage of "equitable tolling." This procedure allows a federal habeas petitioner to seek federal habeas review even if he failed to follow established deadlines and imposed statute of limitation provisions. See Pace v. Diguglielmo, 125 S.Ct. 1807 (2005). In Pace, the Supreme Court of the United States affirmed the denial of Pace's federal habeas corpus petition on the basis of a statute of limitation violation. Pace failed to timely file a state post-conviction petition. His failure to timely comply with established procedural state rules prevented his federal habeas petition from being addressed on the merits.

Similarly in Rivers v. U.S., 416 F.3d 1319 (11th Cir. 2005), the Eleventh Circuit Court of Appeals denied a petitioner's request for federal habeas review because he did not timely seek review of his claims in state court. Rivers challenged his 1996 federal conviction for conspiracy to possess cocaine. His conviction became final on February 17, 1997. He filed a state post-conviction proceeding on April 16, 2001 that vacated his 1987 state drug conviction that was used to enhance his 1996 federal conviction. On September 23, 2002, Rivers filed

7

a petition in federal court seeking review of his 1996 federal conviction. The Eleventh Circuit held that the vacating of Rivers's state conviction qualified as a triggering mechanism to not apply the one-year statute of limitation. Rivers, at 1322. The Eleventh Circuit, however, held that, because Rivers waited four years to challenge his state conviction, his federal petition would not be reviewed. Because Rivers did not "timely" seek review in state court, he failed to use "due diligence" in addressing his claims. Id. Consequently, Rivers could not take advantage of equitable tolling, and his federal petition was denied based upon a statute of limitation violation.

Here, Wolfe has not "properly" filed a Rule 32 petition challenging his convictions and sentences in state court. Wolfe's state petition for writ of habeas corpus was not a properly filed post-conviction proceeding to challenge his convictions and sentences. A Rule 32 petition is the proper venue to challenge a conviction and sentence in Alabama. See Rule 32.4, ARCrP.

Wolfe also has not exercised "due diligence" in having his claims reviewed in state court. He knew or should have known that he needed to file a Rule 32 petition in the Montgomery County Circuit Court, but he chose to file a state habeas corpus petition in the Barbour County Circuit Court. Moreover, even if Wolfe claims he did not know, he knew that Rule 32 was the proper venue with the State's answer to his state habeas corpus petition on April 21, 2005. (Exhibit B)

8

Wolfe's state habeas petition was dismissed and not transferred. To date, Wolfe has not filed a Rule 32 petition in the Montgomery County Circuit Court, even though he knows this is the proper venue. Wolfe's failure to timely and properly seek state review of his claims prevents him from taking advantage of equitable tolling. Thus, his federal habeas corpus petition should be dismissed.

## EXHIBITS

Exhibit A – Case Action Summary sheet in CC-03-498 (Montgomery County)

Exhibit B – Case Action Summary sheet in CC-05-84 (Barbour County)

## CONCLUSION

Based upon the foregoing facts and authorities, Wolfe's federal writ of habeas corpus petition should be dismissed and denied based upon a violation of the one-year statute of limitation provided in the AEDPA.

Respectfully submitted,

s/Yvonne A. H. Saxon (Sax003)
Yvonne A. H. Saxon (Sax003)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail: ysaxon@ago.state.al.us

10

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of September, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document (including exhibits) to the following non-CM/ECF participants: Paul Dale Wolfe, #215433, P. O. Box 767, Clayton, AL 36016.

    Respectfully submitted,

    s/Yvonne A. H. Saxon (Sax003)
    Yvonne A. H. Saxon (Sax003)
    Office of the Attorney General
    Alabama State House
    11 South Union
    Montgomery, AL 36130-0152
    Telephone: (334) 242-7300
    Fax: (334) 242-2848
    E-Mail: ysaxon@ago.state.al.us

222292/84547-001