IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

PAUL DALE WOLFE #215433         (
                                (
VS                              (          CIVIL ACTION NO
                                (          2:05-CV-742-D
J.C.GILES,EX.AL.,               (
                                (

PETITIONER'S RESPONSE TO
THE ATTORNEY GENERAL'S RESPONSE

COMES NOW,Petitioner,in the above case,and file their answer in reponnse to the Attorney Geneals claim of petitioner being time barred.

In support of their answer, Petitioner presents the following answer, as follows:

1). Petitioner denies States allegations that his petition is time barred, 28 U.S.C.S 2244 (D) (2) states that "THE TIME DURING WHICH A PROPERLY FILED APPLICATION FOR STATE POST CONVICTION OR OTHER COLLATERAL REVIEW WITH RESPECT TO THE PERTINENT JUDGMENT OR CLAIM IS PENDING SHALL NOT BE COUNTED TOWARD ANY PERIOD OF LIMIATIONS UNDER THIS SUBSECTION".

Petitioner claims that he filed correctly a State Habeas Corpus petition under **TITLE 15-21-1 CODE OF AL. 1975 IN BARBOUR COUNTY ON 2/7/2005(SEE EXHIBIT A)**.

Petition was dismissed in Barbour County 5/4/2005.

Petitioner claims time was tolled for 86 days thus extending his time to file until 8/8/2005, the date Petitioner filed his Fereral Habeas Corpus, without using 42 days before Judgment of dissmissal was final.

2). Petitioner denies State's allegation that he did not properly file his post-conviction State Habeas Corpus on 2/7/2005.

**TITLE 15-21-1, code of alabama 1975 STATES IN PART** "ANY PERSON WHO IS IMPRISONED OR RESTRAINED OF HIS LIBERTY IN THE STATE OF ALABAMA ON ANY CRIMINAL CHARGE OR ACCUSATION OR UNDER ANY OTHER PRETENSE WHATEVER"....... "MAY PROSECUTE A WRIT OF HABEAS CORPUS ACCORDING TO THE PROVISIONS OF THIS CHAPTER TO INQUIRE INTO THE CAUSE OF SUCH IMPRESONMENT OF RESTRAINT."

TITLE 15-21-6 (B) CODE OF ALABAMA 1975, STATES; "WHEN THE PERSON IS CONFINED IN THE PENITENTIARY OR UNDER A SENTENCE, JUDGMENT OR ORDER OF THE SUPREME COURT OR THE CIRCUIT COURT , OTHER THAN AN INDICTMENT FOR FELONY, THE PETITION **MUST** BE ADDRESSED TO THE NEAREST CIRCUIT JUDGE". The nearest circuit court judge would be located in Barbour County where Petitioner is incarcerated.

A rule 32 for post conviction relief does not abolish the substantive right to post conviction review under the statutary remedy of Habeas Corpus.

### CONCLUSION

Petitioner denies State's allegations that he is time barred and in light of the fact the State has failed to respond to his Writ the Petitioner Respectfully requests that this Homorable Court accept his allegations as true and grant him relief.

RESPECTFULLY SUBMITTED

*Paul Dale Wolfe*
PAUL DALE WOLFE 215433
VENTRESS CORR.FA.
P.O.BOX 767
CLAYTON, ALABAMA 36016

STATE OF ALABAMA

COUNTY OF BARBOUR

SUBSCRIBED AND SWORN TO (OR AFFIRMED) BEFORE ME A NOTARY PUBLIC THIS THE 1ST DAY OF OCTOBER 2005,

*Carolyn R. Abercrombie*
NOTARY PUBLIC

My Commission Expires August 18, 2007
COMM.EXP.DATE