IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| PAUL DALE WOLFE, #215433, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | CIVIL ACTION NO. 2:05-CV-742-D |
| | ) | |
| J. C. GILES, et al., | ) | |
| | ) | |
| Respondents. | ) | |

**O R D E R**

Upon review of the answer filed by the respondents on September 27, 2005, and for good cause, it is

ORDERED that on or before October 12, 2005 the respondents shall file a supplemental answer which:

1. Provides legal support for their argument that the petitioner's state habeas petition was not properly filed ,as applicable state law permits the filing of such petitions, which are construed by the court in which the petition is filed to be filed under Rule 32 of the Alabama Rules of Criminal Procedure. *Rivera v. State*, 615 So.2d 659, 660 (Ala.Cr.App. 1992) ("[B]ecause the [habeas] petition sought relief from a sentence, it should have been treated as a proceeding under Rule 32. . . . Rule 32 petitions are properly entertained by the court in which the defendant was convicted, and a petition filed in another court should be transferred to the court in the county where the conviction occurred."); *Hollingquest v. State*, 600 So.2d 1092 (Ala.Cr.App. 1992) (petition for writ of habeas corpus challenging criminal convictions "improperly dismissed" by the circuit court "because it should have been treated in the

context of [a] petition for post-conviction relief, as mandated by A.R.Cr.P. 32.4.").

2. Contains copies of the state petition for writ of habeas corpus filed in the Circuit Court of Barbour County and the order dismissing such petition. If the aforementioned petition challenged the petitioner's convictions for first degree robbery imposed upon him by the Circuit Court of Montgomery County on April 2, 2004, the respondents shall address whether the failure of the Circuit Court of Barbour County to treat the habeas petition as a proceeding under Rule 32 and transfer such action to the Circuit Court of Montgomery County in accordance with the requirements of state law, *see Rivera*, 615 So. 2d at 660 and *Hernandez v. State*, 602 So.2d 911 (Ala.Cr.App. 1992), entitles the petitioner to equitable tolling during the pendency of the state habeas action.[1]

3. Presents any procedural default claims relevant to the petitioner's claims for relief. *See Respondents' Answer* at 4 n.1.

DONE, this 5th day of October, 2005.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

[1] The court notes that this habeas petition remained pending in the state courts from the date of filing until the time expired for Wolfe to appeal the dismissal of the petition by the Circuit Court of Barbour County.