## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

PAUL DALE WOLFE,           )
#215433,                   )
                           )
            Petitioner,    )
                           )
VS.                        )  CIVIL ACTION NO.
                           )  2:05-CV-742-D
                           )
J.C. GILES, *et. al.* ,    )
                           )
            RESPONDENTS.   )

## RESPONDENTS' THIRD SUPPLEMENTAL
## ANSWER TO COURT'S ORDER

Come now Respondents, in this case, by and through the Attorney General of the State of Alabama, and in response to this Court's Order dated December 6, 2005, answer in the following manner.

## PROCEDURAL HISTORY

1. Respondents adopt by reference the procedural history provided in their answers previously filed by Respondents on September 27, 2005, November 2, 2005, and November 21, 2005.

2. Per this Court's December 6, 2005 order, Respondents have been ordered to respond to Wolfe's allegation that he has exhausted his state court remedies for purposes of federal habeas review.

3. Based upon the exhibits previously filed by Respondents, in support of their three prior answers, and the exhibit attached to Wolfe's answer entitled "Petitioner's Response To Respondents' Second Supplemental Answer To Court's Order", Wolfe has not exhausted his state court remedies.

4. The exhibit attached Wolfe's response to Respondents' second supplemental answer, is an order addressing the revocation of his probation. The order does not address a "direct" challenge by Wolfe of his conviction and sentence.

5. The State habeas corpus petition filed by Wolfe in Barbour Court addresses his conviction and sentence (Respondents Exhibit C - answer dated Nov. 2, 2005)

6. The merits of Wolfe's claims were not addressed by Barbour County, which was not the county of conviction. Per order of the Circuit Court Judge, the State habeas corpus petition was transferred to Montgomery County Circuit Court for proper disposition. (Respondents' Exhibit C - answer dated Nov. 21, 2005)

2

7.  The State habeas corpus petition was docketed by the Montgomery County Circuit Clerk's Office and is pending for review.  (Respondents' Exhibit D)

8.  Thus, contrary to Wolfe's contention, he has not exhausted his state court remedies for federal habeas review.

9.  The pending post-conviction proceeding in the Montgomery County Circuit Court prevents review of Wolfe's claims from being addressed by this Court until Wolfe has exhausted his state court remedies.  See Prince v. Alabama, 476 F.2d 298, 298 (5th Cir. 1973).

## CONCLUSION

Based upon the foregoing facts and authorities, Wolfe's federal habeas corpus petition should be dismissed because he has a current action pending in the Montgomery County Circuit Court.

Respectfully submitted,

s/Yvonne A. H. Saxon (Sax003)
Yvonne A. H. Saxon (Sax003)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone:  (334) 242-7300
Fax:  (334) 242-2848
E-Mail: ysaxon@ago.state.al.us

3

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of December, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed by United States Postal Service the document to the following non-CM/ECF participants:   Paul Dale Wolfe, #215433, P. O. Box 767, Clayton, AL  36016.

Respectfully submitted,

s/Yvonne A. H. Saxon (Sax003)
Yvonne A. H. Saxon (Sax003)
Office of the Attorney General
Alabama State House
11 South Union
Montgomery, AL  36130-0152
Telephone: (334)  242-7300
Fax: (334) 242-2848
E-Mail: ysaxon@ago.state.al.us

232374/84547-001