IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL DALE WOLFE, #215433,  ) | |
| ) | |
| Petitioner,  ) | |
| ) | |
| v.  ) | CIVIL ACTION NO. 2:05-CV-742-D |
| ) | |
| J. C. GILES, et al.,  ) | |
| ) | |
| Respondents.  ) | |

**ORDER**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Paul Dale Wolfe ["Wolfe"], a state inmate, on August 1, 2005. In this petition, Wolfe challenges convictions for first degree robbery imposed upon him by the Circuit Court of Montgomery County, Alabama on July 15, 2004. In their second and third supplemental answers, the respondents assert that Wolfe has failed to exhaust state remedies with respect to the claims presented to this court. Specifically, the respondents maintain that Wolfe has a Rule 32 petition pending before the Circuit Court of Montgomery County, Alabama in which he challenges his robbery convictions, the sentences imposed for such convictions and his current incarceration on these sentences.[1]   The law directs

---

[1] This state petition was initially filed in the Circuit Court of Barbour County, Alabama in February of 2005 as a petition for habeas corpus relief. In accordance with state law, the Barbour County court construed the petition as a petition for post-conviction relief filed under Rule 32 of the Alabama Rules of Criminal Procedure and ordered that the petition be transferred to the Circuit Court of Montgomery County, Alabama. The evidentiary materials submitted by the respondents demonstrate that the Clerk of Barbour County transferred the Rule 32 petition to the Circuit Court of Montgomery County on November 3, 2005. These materials further indicate that this Rule 32 petition is currently pending before the Circuit Court of Montgomery County. With respect to Wolfe's argument that the Circuit Court of Montgomery County ruled on this Rule 32 petition on June 27, 2005, the record refutes this assertion as such petition was not transferred

that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). Upon review of the pleadings filed in this case, it is clear that Wolfe has not yet exhausted his available state court remedies with respect to each of the claims presented in his petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Accordingly, it is

ORDERED that on or before January 13, 2006 the petitioner shall show cause why his petition should not be dismissed for failure to exhaust state remedies.

DONE, this 6th day of January, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE

---

to Montgomery County until November 3, 2005. The evidentiary materials further demonstrate that the petition ruled upon by the Circuit Court of Montgomery County is a separate habeas petition filed in that court by the petitioner.