IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| PAUL DALE WOLFE, #215433, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-742-ID |
| ) | [WO] |
| ) | |
| J. C. GILES, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by Paul Dale Wolfe ["Wolfe"], a state inmate, on August 1, 2005. In this petition, Wolfe challenges convictions for first degree robbery imposed upon him by the Circuit Court of Montgomery County, Alabama on July 15, 2004. In their second and third supplemental answers, the respondents assert that Wolfe has failed to exhaust state remedies with respect to the claims presented to this court. Specifically, the respondents maintain that Wolfe has a Rule 32 petition pending before the Circuit Court of Montgomery County, Alabama in which he challenges his robbery convictions, the sentences imposed for such convictions and his current incarceration on these sentences.[1] This assertion is supported by the state court records submitted by the respondents as exhibits to their

---

[1] Wolfe initially filed this petition in the Circuit Court of Barbour County, Alabama in February of 2005 as a petition for habeas corpus relief. In accordance with state law, the Barbour County court construed the petition as a Rule 32 petition for post-conviction relief and ordered that the petition be transferred to the Circuit Court of Montgomery County, Alabama. The evidentiary materials submitted by the respondents demonstrate that the Clerk of Barbour County transferred the Rule 32 petition to the Circuit Court of Montgomery County on November 3, 2005. These materials further indicate that this Rule 32 petition is currently pending before the Circuit Court of Montgomery County.

answers.

## DISCUSSION

The law is clear that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State . . ." 28 U.S.C. § 2254(1)(b)(1)(A). The record in this case demonstrates that Wolfe has not yet exhausted his available state court remedies. This court does not deem it appropriate to rule on the merits of the petitioner's claims for relief without first requiring that the petitioner exhaust state remedies. *See* 28 U.S.C. § 2254(1)(b)(2). Moreover, a stay of this case is not warranted pending the outcome of Wolfe's state court collateral proceedings as there is nothing before this court which indicates "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, ___ U.S. ___, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that the petitioner can pursue his state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies. It is further

ORDERED that on or before February 23, 2006 the parties may file objections to

the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

DONE, this 13th day of February, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE